**FILED**
**Jul 16, 2025**
**11:16 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **BOBBY WILLIAMS,** | ) | **Docket No.: 2023-08-02183** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No.: 42731-2022** |
| | ) | |
| **HUB GROUP,** | ) | |
| **Employer.** | ) | **Judge Shaterra R. Marion** |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on July 10, 2025, on Mr. Williams's request for benefits for a head and brain injury. HUB Group argued that the Court should deny his claim because his injury did not occur within the course and scope of his employment. Based on the evidence presented, the Court holds that Mr. Williams is not likely to show that his injury arose primarily out of and in the course and scope of his employment and denies benefits at this time.

### History of Claim

Mr. Williams drives a truck for HUB Group. During work on March 28, 2022, he stopped at a truck stop, and after coming out of the bathroom felt dizzy to the point that he had to lower himself to the ground.

He was taken to the emergency room, where the doctor took a head CT scan and a chest x-ray and diagnosed general weakness, dehydration, and vertigo.

Days later, Mr. Williams began treating at the hospital with complaints of dizziness and headaches. He was diagnosed with hypertension, hyperlipidemia, and vertigo. During one of his visits, they transferred him to the emergency room due to dizziness and vomiting, and they referred him to ear, nose, and throat specialist Dr. Samuel Smith.

1

At Mr. Williams's first visit, Dr. Smith diagnosed vertigo, dizziness, and giddiness. After this visit, HUB Group provided a panel, from which Mr. Williams chose Regional One so he could continue seeing Dr. Smith. Mr. Williams reported continued episodes of dizziness and imbalance. Dr. Smith also noted that Mr. Williams reported a mini-stroke he suffered five or six years ago.

HUB Group ultimately denied Mr. Williams's claim. Dr. Smith completed a causation letter in which he stated that he did not determine an exact diagnosis of Mr. Williams's condition. Dr. Smith could thus not state if Mr. Williams's condition arose primarily out of and in the course and scope of his employment.

After the denial, Mr. Williams sought unauthorized treatment with two neurologists.

First, he treated at a clinic, where he received a litany of diagnostic testing. A brain MRI showed no acute pathology, moderate chronic microangiopathy, and multiple infarcts. A head MRV came back negative, and a cervical spine x-ray showed satisfactory alignment. A CT angiography of the head and neck showed scattered atherosclerotic disease with mild to moderate stenosis of the intracranial internal carotid arteries.

Neurologist Dr. Lucas Elijovich diagnosed Mr. Williams with a history of a PICA stroke and right radiographic watershed infarct with ICAD. In a causation letter sent to him by HUB Group, Dr. Elijovich stated that Mr. Williams's condition was not more than 50% caused by a work incident or activity.

Mr. Williams disputed that Dr. Elijovich could not have known if his work caused his condition because he and Dr. Elijovich did not discuss his work during his visits.

Mr. Williams also saw neurologist Dr. Jesus Martinez. Dr. Martinez ordered a brain MRI, which showed infarctions and a subacute right parieto-occipital stroke. He assessed Mr. Williams with cerebrovascular disease, dizziness, giddiness, and a chronic ischemic left MCA stroke.

Mr. Williams testified that the stresses of his job caused his injury. However, he admitted that he had no medical opinion showing that his condition is work related.

**Findings of Fact and Conclusions of Law**

Mr. Williams has the burden of proving he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

To meet this burden, he must present evidence from a physician that found to a reasonable degree of medical certainty that his work injury contributed more than 50% in

causing his current need for medical treatment, considering all causes. § 50-6-102(12)(C)-(D). He has not done so.

Although Mr. Williams believes that his work caused his current head and brain condition, the Appeals Board previously held that an employee's "subjective belief, no matter how sincerely held, is not a sufficient basis to support his claim for workers' compensation benefits." *Rucker v. Fed'l Express Corp.*, 2024 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Feb. 12, 2024). Instead, Mr. Williams must present medical evidence to establish a causal relationship. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008). He admitted that this evidence does not exist.

The Court acknowledges Mr. Williams and his beliefs about the injury. However, the two physicians who addressed causation, Dr. Smith and Dr. Elijovich, either could not determine the cause of Mr. Williams's condition or stated that the condition was not caused by his work. Although Mr. Williams contested Dr. Elijovich's opinion with his testimony, he did not offer any expert medical proof to contradict Dr. Elijovich.

Therefore, the Court holds that Mr. Williams is not likely to prevail at a hearing on the merits in showing that his injury arose primarily out of and in the course and scope of his employment.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Williams's request for benefits is denied currently.

2. The Court sets a status conference for **September 22, 2025, at 1:00 p.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED July 16, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Medical Records filed by Mr. Williams
2. Wage Statement
3. Job Description of Mr. Williams
4. Medical Records filed by HUB Group
5. Causation Letters of Dr. Smith and Dr. Elijovich
6. First Report of Injury
7. *[For Identification Only]* Accident Report from 2017 Injury of Mr. Williams
8. *[For Identification Only]* NIH and WHO Statement on Strokes
9. Affidavit of Mr. Williams

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on July 16, 2025.

| Name | Email | Service sent to: |
|---|---|---|
| Bobby Williams, Employee | X | bobbyjwilliams68@gmail.com |
| David Deming, Rhoberta Orsland, Employer's Attorneys | X | ddeming@manierherod.com rorsland@manierherod.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**


### CERTIFICATE OF SERVICE


I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*